Norberto TAPIA–SORIANO; Maria Del
Socoro Tapia–Ortiz, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72501.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

Norberto Tapia–Soriano, Whittier, CA,
pro se.

Maria Del Socoro Tapia–Ortiz, Whittier,
CA, pro se.

CAC–District Counsel, Esq., Office of
the District Counsel Department of Home-
land Security, Los Angeles, CA, Ronald E.
Lefevre, Chief Counsel, Office of the Dis-
trict Counsel Department of Homeland Se-
curity, San Francisco, CA, Emily A. Rad-
ford, Esq., Ari Nazarov, Esq., DOJ–U.S.
Department of Justice Civil Div./Office of
Immigration Lit., Washington, DC, for Re-
spondent.

Before: PREGERSON, T.G. NELSON,
and GRABER, Circuit Judges.

MEMORANDUM **

Norberto Tapia–Soriano and Maria Del
Socoro Tapia–Ortiz, husband and wife and
natives and citizens of Mexico, petition pro se for review of the Board of Immigration
Appeals' ("BIA") order denying their mo-
tion to reopen removal proceedings. To
the extent we have jurisdiction, it is con-
ferred by 8 U.S.C. § 1252. We review for
abuse of discretion the denial of a motion
to reopen. *Iturribarria v. INS,* 321 F.3d
889, 894 (9th Cir.2003). We grant in part
and dismiss in part the petition for review.

Even if Petitioners have inadequately
challenged the BIA's denial of their motion
to reopen for failing to depart within the
voluntary departure period, we retain dis-
cretion to review that issue because the
government briefed it. *See Ndom v. Ash-
croft,* 384 F.3d 743, 751 (9th Cir.2004). At
the time Petitioners filed their motion to
reopen with the BIA, their period of volun-
tary departure had been stayed in this
court, where Petitioners sought review of
the BIA's underlying order and filed a
motion for stay of removal. *See* 9th Cir.
Gen. Order 6.4(c); *Desta v. Ashcroft,* 365
F.3d 741, 743–44 (9th Cir.2004). Because
Petitioners filed their motion to reopen
within the voluntary departure period, and
because this court's stay was still in effect
at the time the BIA denied the motion, the
BIA abused its discretion in denying the
motion for failure to voluntarily depart.
*See Azarte v. Ashcroft,* 394 F.3d 1278,
1288–89 (9th Cir.2005) (holding that where
a motion to reopen is filed within the vol-
untary departure period and a stay of re-
moval or voluntary departure is requested,
the voluntary departure period is tolled
during the period the BIA is considering
the motion). Accordingly, we remand for
the BIA to consider the motion to reopen
on the merits.

To the extent Petitioners contend that
the BIA should have exercised its sua

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

**462**

sponte power to reopen removal proceedings, we lack jurisdiction to review that contention. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part.**

---

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.